UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT HARDY FALK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-678-B |
| | § | |
| WELLS FARGO BANK | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank's Motion for Summary Judgment (doc. 10), filed December 10, 2010, Plaintiff Robert Hardy Falk's Cross-Motion for Partial Summary Judgment (doc. 13), filed January 10, 2011, Defendant's Motion to Strike Plaintiff's Cross-Motion for Partial Summary Judgment (doc. 16), Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion for Summary Judgment (doc. 23), and Plaintiff's Motion for Leave to File Supplemental Authority (doc. 30). Having considered the Motions, the Court is of the opinion that Defendant's Motion for Summary Judgment should be and hereby is **GRANTED**. Additionally, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Cross-Motion for Partial Summary Judgment, and **DENIES** Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion for Summary Judgment. The Court also **DENIES** Plaintiff's Motion for Leave to File Supplemental Authority.[1]

---

[1] The supplemental authority Falk seeks to introduce is *Wells Fargo Bank, N.A., as Trustee v. Sandra A. Ford*, No. A-3627-06T1, 418 N.J. Super. 592 (N.J. Super. Ct. Jan. 28, 2011), a mortgage foreclosure case addressing whether defenses that could have been asserted against the original holder can also be raised against an assignee. Because the decision is not binding on this Court, and is too dissimilar from the present case to be persuasive, Falk's Motion for Leave to File Supplemental Authority is **DENIED.**

## I.

## BACKGROUND[2]

On December 6, 2006, Plaintiff Robert Hardy Falk ("Falk") obtained a mortgage loan for $275,575.00 from Option One Mortgage Company ("Option One") for his residential property located in Dallas County at 6704 Regalbluff Drive, Dallas, Texas 75248 ("the Property"). (Def.'s Br. Mot. Summ. J. 3). Falk executed a Real Estate Lien Note ("Note") with Option One for the amount of the mortgage. (Id.). The Note identifies Option One as the lender, and authorizes it to transfer or assign the Note. (Def.'s Mot. Summ. J. 4). Under the terms of the Note, failure to make the required payments results in default and authorizes the Note Holder to accelerate the loan balance. (Id.). The Note is secured by a Deed of Trust (the "Deed"). (Id.). Like the Note, the Deed identifies Option One as the lender, and allows Option One to assign the Note, the Deed, and the servicing of the loan to third parties. (Id.). The Deed also obligates Falk to make monthly payments in accordance with the terms of the Note, and authorizes Option One to accelerate the loan balance and proceed with foreclosure in the event of default. (Id.).

On March 1, 2007, Defendant Wells Fargo Bank NA ("Wells Fargo") and Option One entered into a Pooling and Servicing Agreement ("PSA") which conveyed several mortgage loans into a trust. (Id. at 8-9). The PSA designates Wells Fargo as Trustee and Option One as servicer of the loans. (Id.). In addition, the PSA expressly permits the transfer of loan servicing. (Id. at 9). Falk's Note and Deed were assigned to Wells Fargo on February 29, 2008, and the assignment was

---

[2] The background facts are derived from undisputed facts gleaned from the parties' court papers. Where there may be a dispute over a stated fact the Court has so indicated by claiming the fact as one stated by that party to be true.

recorded in the Dallas County public records. (*Id.*) Option One then transferred the servicing of Falk's loan to American Home Mortgage Servicing, Inc. ("AHMSI") on July 1, 2008. (*Id.*).

On or about August 2007, Falk stopped making mortgage payments. (*Id.* at 1, 4-5). On November 13, 2007, Option One sent Falk a Notice of Default stating that the balance of the mortgage would be accelerated in thirty days if no payment was received. (*Id.* at 7). On June 11, 2008, AHMSI offered Falk a loan modification agreement. (*Id.* at 5). While the parties disagree on specific details of the circumstances surrounding the offer, it is undisputed that the loan modification agreement was never formalized. (*Id.* at 13). On October 29, 2008, AHMSI sent Falk a Notice of Trustee's Sale and Intent to Accelerate. (*Id.* at 8).

The Property was posted for foreclosure and purchased by Wells Fargo on December 2, 2008. (*Id.* at 11). When Falk refused to vacate the Property, Wells Fargo filed a forcible detainer action and obtained a writ of possession on February 24, 2009. (*Id.* at 11). At the time of filing, Wells Fargo had not yet executed the writ. (*Id.*).

On February 27, 2009, Falk filed suit in state court, seeking declaratory and injunctive relief and alleging that Wells Fargo lacked authority to foreclose on the Property. (Def.'s Notice Removal Ex. C). Wells Fargo removed the action to this Court on April 14, 2009, and filed a Motion for Summary Judgment on December 10, 2011. (Def.'s Notice Removal 1). Falk then filed a document containing his Response to Well's Fargo's Motion for Summary Judgment, a Cross Motion for Partial Summary Judgment, and several objections to Defendant's summary judgment evidence. Having considered the relevant issues, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed R. Civ. P. 56(a); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the non-movant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations,'... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (citation omitted). The non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). The court will not make credibility determinations, weigh the evidence, or draw inferences, but instead confine its inquiry to facts

material under the governing legal standard. *Anderson*, 477 U.S. at 255. In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Matsushita*, 475 U.S. at 587.

### III.

### ANALYSIS

*A. Motion to Strike Plaintiff's Cross-Motion for Summary Judgment*

Wells Fargo moves to strike Falk's Cross-Motion for Partial Summary Judgment. The deadline for filing dispositive motions was December 10, 2010. (Scheduling Order, Falk v. Wells Fargo, No. 09-CV-678-B (N.D. Tex. Mar. 29, 2010). On January 10, 2011, Falk submitted his Cross-Motion as part of his Response to Defendants Motion for Summary Judgment. Falk's only explanation for failing to file his motion by, or request an extension of, the dispositive motions deadline is that it was the result of "inadvertence or because he had not previously thought of filing a Cross-Motion." (Pl.'s Resp. to Def.'s Mot. Strike 2). Finding no good cause to extend the dispositive motions deadline, the Court **STRIKES** Falk's untimely pleading pursuant to Federal Rule 16(f)(1)(c). Fed. R. Civ. P. 16(f)(1)(c). Further, the Court finds that despite being styled as a cross-motion, Falk's arguments are more appropriately addressed as a response to Wells Fargo's Motion for Summary Judgment. Accordingly, the Court will address the arguments made in Falk's Cross-Motion along with the arguments made in Falk's Response.

*B. Evidentiary Objections*

As an initial matter, the Court addresses Plaintiff's numerous objections to Defendant's evidence. When determining the admissibility of evidence on a motion for summary judgment, courts generally apply the same standards and rules that govern the admissibility of evidence at trial.

*Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 650 n. 3 (5th Cir. 1992)(citation omitted). Although unauthenticated documents are inadmissible, "'discovery and disclosure materials on file, and any affidavits' may be relied upon." *Johnson v. Spohn*, 334 Fed. Appx. 673, 677 (5th Cir. 2009)(quoting *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991)).

Falk first offers a general objection to all of the documents included in Defendant's Appendix, arguing that "no one has sworn to the authenticity of any of the materials in the Appendix." (Pl.'s Resp. 10). The Court will address Falk's individualized objections to specific pieces of evidence, but **OVERRULES** Falk's general objection as it is not clear to the Court that all documents in the Defendant's Appendix are not properly authenticated.

The Court next turns to Falk's specific objections. Falk objects to the admissibility of Option One's Certificate of Incorporation and Articles of Incorporation from the Office of the Secretary of State of California, contained on pages 85-86 and 88-95 of Defendant's Appendix. Falk also objects to the Letter of Suspension contained on page 96-98 of Defendant's Appendix. Falk argues that these documents are not properly authenticated, and were not properly disclosed under Rule 26(a). (Pl.'s Resp. 10-13). In response, Wells Fargo maintains that the documents are admissible as public records. (Def.'s Br. Resp. Obj. 3). Public records are sufficiently authenticated by evidence showing that a writing is "from the public office where items of such nature are kept." *Williams v. Bank of New York Mellon*, No. 3:09-cv-1622, 2010 WL 3359461, at *4 (N.D. Tex. Aug. 23, 2010); *U.S. v. McCallum*, 20 F.3d 466, 466 (5th Cir. 1994)(citing Fed. R. Evid. 901(b)(7)). Because the Office of the Secretary of State of California is the public office where documents attesting to the formation, existence, or suspension of a corporation are kept, the Court finds that the documents containing the seal of the Secretary of State of California, as well as documents containing dated signatures of

the Secretary of State of California or Acting Secretary of State of California, are properly authenticated. Accordingly, the Court **OVERRULES** Falk's objections to the documents from the Office of the Secretary of State of California, contained on pages 85-86 and 88-98 of the Defendant's Appendix. On the same grounds, the Court **OVERRULES** Falk's objection to the Assignment of Note and Deed of Trust, contained on pages 82-84 of the Defendant's Appendix, because it contains a notarized electronic recording number and file-stamp of the Dallas County Clerk. The photocopy depicting internet search results, found on page 87 of Defendant's Appendix, purports to reflect records kept by the Office of the Secretary of State of California, but is not in itself a record. (App. to Def.'s Mot. Summ. J. 87). The Court **SUSTAINS** Falk's objection to the internet search page contained on page 87 of Defendant's Appendix, finding it inadmissible hearsay.

C. *Defendant's Motion for Summary Judgment*

In his Original Petition, Falk seeks a declaratory judgment stating: (1) that the Trustee's Deed that Wells Fargo used to purchase the foreclosed property is null and void; (2) that Falk owns the Property in fee simple; and (3) that Wells Fargo has no interest in the Property. (Pl.'s Original Pet. 5). In its Motion for Summary Judgment, Wells Fargo argues that Falk cannot prevail on his declaratory judgment claim. Wells Fargo maintains that it properly foreclosed on the Property, and that Falk is not entitled to declaratory judgment under the alleged circumstances. In his Response, Falk argues the foreclosure was improper because the mortgage was not validly executed, because Wells Fargo was not the valid Note Holder at the time of foreclosure, and because the foreclosure notices were defective.

i. <u>Declaratory Judgment</u>

The Court begins its analysis by determining whether Falk is entitled to declaratory relief.

Wells Fargo argues that Falk is not entitled to declaratory relief under either the Texas Declaratory Judgment Act or the Federal Declaratory Judgment Act. (Def.'s Mot. Summ. J. 26-27). Wells Fargo contends that the Texas Declaratory Judgment Act is inapplicable in Federal Court, and that relief is not available under either Act if there exists a remedy at law.

In the Fifth Circuit, district courts "cannot award relief pursuant to the Texas Declaratory Judgment Act because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Rhodes v. Prince*, No. 2006 WL 954023, at *4 (N.D.Tex. April 11, 2006)(citing *Self-Ins. Inst. of Am. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995) and *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)). Thus, Falk cannot recover under the Texas Declaratory Judgment Act in this Court.

Under the Federal Declaratory Judgment Act, district courts have broad discretion in deciding whether declaratory relief is appropriate. Often, courts will decline to grant declaratory relief where a remedy-at-law is available. *See generally Sherwin-Williams v. Holmes Co.*, 343 F.3d 383 (5th Cir. 2003)(discussing the various factors courts consider in deciding whether a declaratory judgment award is appropriate). However, "'a declaratory judgment action should not be dismissed solely because a more traditional remedy is available.'" *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 (5th Cir. 1991)(quoting *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969)). Wells Fargo argues that because foreclosure occurred in 2008, the only remedy available to Falk at this time is money damages, not equitable relief. (Def.'s Br. Mot. Summ. J. 26-27). The Court disagrees. Where a plaintiff has "suffered damage, loss, or material injury by irregularities in the foreclosure sale, [he is] entitled to maintain a suit for relief by way of damages *or invalidation of the sale*." *Gainesville Oil & Gas Co., Inc. v. Farm Credit*, 847 S.W.2d 655, 659 (Tex.App.–Texarkana 1993, no

writ)(emphasis added)(citation omitted). Although Falk's allegations might also properly be addressed in a suit for damages, the Court is not barred from deciding whether Falk is entitled to declaratory relief invalidating the foreclosure sale. Accordingly, in the interest of justice and judicial economy, the Court next turns to whether Falk is entitled to declaratory relief on the basis of the summary judgment evidence.

ii. <u>Validity of Foreclosure Proceedings</u>

In its Motion for Summary Judgment, Wells Fargo first contends that it was not prohibited from foreclosing on the Property by a loan modification agreement. It is undisputed that Falk became delinquent in making payments on the mortgage sometime in 2007. (Pl.'s Resp. 17; Def.'s Br. Mot. Summ. J. 4-5). It is also undisputed that AHMSI presented Falk with a loan modification offer that would temporarily reduce his monthly payments. (Pl.'s Resp. 17; Def.'s Br. Mot. Summ. J. 5). Wells Fargo argues that Falk rejected the loan modification agreement when he failed to timely submit the first payment pursuant to the terms of the loan modification agreement. (Def.'s Br. Mot. Summ. J. 6-7). Falk contends that he was in the process of negotiating the terms of the loan modification agreement when Wells Fargo prematurely initiated foreclosure proceedings. (Pl.'s Resp. 17).

In order to create a binding agreement, "the offeree must convey his acceptance in the precise mode expressed within the offer...". *Abraham Inv. Co. v. Payne Ranch, Inc.*, 968 S.W.2d 518, 525 (Tex. App.—Amarillo 1998, pet. denied). The loan modification offer plainly stated that Plaintiff was required to sign the documents and tender a payment by November 14, 2008 for the agreement to take effect, and that the offer would not bar foreclosure proceedings unless it became effective. (App. to Def.'s Mot. Summ. J. 39, 41). By his own admission, Falk did not sign the

agreement until November 17, 2008, and did not make the required start payment at that time. (Falk Dep. 32:4-21; 33:18-22, Nov. 18, 2010). Instead, Falk sent a letter stating that he was unable to make the first payment but would do so as soon as possible. (App. to Def.'s Mot. Summ. J. 46, 50-51). Because Falk's letter promising to pay did not comport with the explicit terms of acceptance, the modification agreement never went into effect and therefore could not have postponed the foreclosure process. Wells Fargo next maintains that Option One was an active and valid corporation at the time the mortgage at issue was executed. (Def.'s Br. Mot. Summ. J. 22). Falk disagrees, alleging that Option One's corporate privileges were suspended in 1991, and remained suspended at the time of his loan. (Pl.'s Original Pet. ¶3). Wells Fargo offers evidence that two corporations named Option One Mortgage Company have been formed in the state of California, one founded in 1989 and suspended in 1991, and one founded in 1992 and still in operation today. (App. to Def.'s Mot. Summ. J. 85-86, 97). In his Response, Falk presents a Certificate of Status letter from the California Secretary of State's office stating that as of 2009, Option One's powers and privileges as a corporation remain suspended. (App. to Pl.'s Resp. 40). Critically, the Certificate of Status letter refers to the Option One company founded in 1989. The Court finds that because the suspension of Option One took place in 1991, and the second Option One was not founded until 1992, the suspension could not have affected the second Option One. Accordingly, Falk fails to raise a genuine issue of material fact as to whether Option One was a valid corporation at the time the mortgage was executed in 2006.

      Wells Fargo also argues that the assignment of the Note and Deed of Trust from Option One to Wells Fargo was valid, and authorized Wells Fargo to foreclose on the Property. The terms of the PSA state that another entity may assume Option One's obligations. (App. to Def's Mot. Summ.

J. 78). Additionally, Wells Fargo presents evidence that the assignment was properly recorded in the Dallas County records on February 29, 2008. (App. to Def.'s Mot. Summ. J. 82-83).

Falk does not dispute that the Note and Deed of Trust were properly assigned to Wells Fargo. Instead, Falk contends that Wells Fargo did not become the "holder" of the Note as a result of the assignment and thus could not foreclose on the property. (Pl.'s Resp. 29-33). Falk's only support for his contention is that Wells Fargo is not a "holder" as defined by Article 3 of the Texas Uniform Commercial Code ("UCC").[3] (*Id.*). Falk's reliance on the UCC is misguided. Wells Fargo never contends it is the "holder" of the Note, and is not required to do so. Option One is the undisputed "holder" of the Note, and Wells Fargo is the assignee. Under Texas law, the assignee of a note and deed may institute nonjudicial foreclosure proceedings. *See* TEX. PROP. CODE § 51.0001(4). Thus, "even if a person is not the holder of a note, he may still be able to prove that he is the owner and entitled to enforce the note, foreclose on collateral and obtain a deficiency judgment under common-law principles of assignment" provided he can establish chain of title. *Leavings v. Mills*, 175 S.W.3d 301, 309-10 (Tex. App–Houston 2004)(citing *Waters v. Waters*, 498 S.W.2d 236, 241 (Tex.Civ.App.–Tyler 1973 writ ref'd n.r.e.); *see Athey v. Mortgage Elec. Registration Sys.*, 314 S.W.3d 161, 166 (Tex. App.–Eastland, 2010). Because he offers no evidence challenging the assignment of the Note and Deed of Trust to Wells Fargo, Falk fails to raise a genuine issue of material fact as to whether Wells Fargo had authority to foreclose on the Property.

Wells Fargo further contends that Falk received all requisite notices before the foreclosure

---

[3]Falk seeks leave to file a surreply addressing Wells Fargo's argument that the UCC is inapplicable to this case. The Court **DENIES** the Motion for Leave to File, finding that Falk raised and adequately addressed this argument in his Response, and that Wells Fargo's Reply did not raise a new argument on this issue.

was administered. (Def.'s Br. Mot. Summ. J. 15, 20). In his Response, Falk argues that Wells Fargo's notices were inadequate because they fail to identify the mortgagee and the mortgagee's address. (Pl.'s Resp. 19).

The Texas Property Code requires that a Notice of Default and Opportunity to Cure be given to the defaulting debtor prior to a Notice of Foreclosure Sale. TEX. PROP. CODE §51.002(d). Texas common law requires that the creditor also provide the debtor with a Notice of Intent to Accelerate. *See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982). If a mortgage servicer is administering the foreclosure, the notice must include the address of the mortgage servicer and a disclosure that the mortgage servicer is representing the mortgagee. TEX. PROP. CODE §51.0025. Courts apply a presumption of validity to foreclosure proceedings. *Deposit Ins. Bridge Bank, N.A., Dallas v. McQueen*, 804 S.W.2d 264, 266 (Tex. App.—Houston [1st] 1991, no writ) ("A foreclosure is to be reviewed with a presumption that all prerequisites to the sale have been performed and that provisions for waiver of notice are valid.").

Wells Fargo's evidence establishes that Option One sent Falk a Notice of Default combined with a Notice of Intent to Accelerate on November 13, 2007. (App. to Def.'s Mot. Summ. J. 52-55). The Notice of Sale was combined with a Notice of Acceleration ("Combined Notice") and sent on October 29, 2008 by Brice, Vander, Linden & Wernick, P.C. on behalf of AHMSI. (App. to Def.'s Mot. Summ. J. 56-61). Both Notices were sent by certified mail to Plaintiffs last known address, thereby meeting the Property Code's service requirement. *See* TEX. PROP. CODE § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail."). The Combined Notice discloses that there was a servicing agreement, identifies Wells Fargo as the mortgagee, and provides AHMSI's address. (App. to Def.'s Mot.

Summ. J. 56-61). Falk offers nothing more than unsubstantiated assertions to the contrary. Accordingly, the Court finds that Falk fails to rebut the presumption of validity of the foreclosure sale.

Finally, Wells Fargo contends that the foreclosure sale cannot be rescinded. (Def.'s Br. Mot. Summ. J. 25-26). As part of his request for declaratory judgment, Falk requests cancellation and rescission of the foreclosure sale. (Pl.'s Original Pet. ¶4). For a foreclosure sale to be set aside or cancelled, the mortgagor must tender the amounts due and owing under the note and deed of trust. *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied)(citation omitted); *see also Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale."). In his deposition and in letters to AHMSI and Wells Fargo, Falk admits that he failed to timely make his mortgage payments, and remains unable to tender the amount necessary to rescind the sale. (Falk. Dep. 70:24-71:2, Nov. 18, 2010; App. to Def.'s Mot. Summ. J. 46, 50-51). Therefore, the Court declines to reverse the effect of the foreclosure sale.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Wells Fargo's Motion for Summary Judgment. Additionally, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Cross-Motion for Partial Summary Judgment. Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Leave to File Supplemental Authority are

DENIED.

SO ORDERED.

SIGNED August 19, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE